IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WAYNE LIDDICK,** | : | Civil No. 1:14-cv-1813 |
| **Plaintiff,** | : | |
| v. | : | |
| **BRENDA TRITT, et al.,** | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Before the court is a report and recommendation filed by the magistrate judge in which she recommends that defendants Nancy Snyder, Vincent Suzadial, William Sergenski and Joyce Montemuro's second motion for partial summary judgment be granted. On July 23, 2018, Liddick filed an "appeal" to the report and recommendation. For the reasons set forth below, the report and recommendation will be granted.

## **I.    Background**

On September 17, 2014, Plaintiff Wayne Liddick, an inmate at a state correctional institution, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) This was followed by an amended complaint. (Doc. 3.) The defendants filed a collective motion for summary judgment. The magistrate judge filed a report and recommendation recommending that the motion for summary judgment be granted in part and denied in part (Doc. 81), and on September 21,

2017, the undersigned adopted the report and recommendation (Doc. 82). No objections to the report and recommendation were filed.

On October 8, 2017, the defendants filed a motion for leave to file a second motion for summary judgment (Doc. 89), which this court granted. The case was then remanded back to the magistrate judge.

In the second motion for summary judgment, the defendants addressed the merits of Liddick's surviving retaliation claims brought against (1) Nancy Snyder ("CO Snyder"), a Corrections I Officer during the relevant time period, regarding her alleged interference with Liddick's sick-call visit on March 13, 2014; (2) Vincent Suzadail ("CO Suzadail") and William Sierdzinski ("CO Sierdzinski"), both of whom were also Corrections I Officers during the relevant time period, regarding the allegedly false Misconduct B408555 that they issued to Liddick on September 17, 2012; and (3) Joyce Montermurno ("CO Montemurno"), who was a Corrections Officer 2 during the relevant time period, regarding the allegedly false Misconduct B400721 that she issued to Liddick on April 5, 2014.

## II. Discussion

### A. Motion to File Objections to First Report and Recommendation

In his "appeal" of the report and recommendation, Liddick claims that this court should not have addressed the second motion for summary judgment until this court ruled on Liddick's motion to file objections to the first report and

recommendation. (Doc. 111.) Objections to that report and recommendation were due on September 14, 2017, and the motion to file objections was not filed until March 28, 2018, more than six months after the deadline to object. Liddick claims that he was not afforded the opportunity to timely file objects "due to interference from the defendants." (Doc. 11, p. 2 ¶ 9.) However, he fails to describe the nature of the interference and, furthermore, it is apparent from the record that Liddick was not prevented from filing other matters before the court. Indeed, the docket reveals multiple filings made by him during the relevant time period. (*See* Docs. 87-88, 91, 94, 103-105, 107, 110.) Thus, the court finds that the delay is inexcusable and will deny Liddick's motion to file objections. (Doc. 111.) The objections raised by Liddick in the "appeal" relating to the first report and recommendation will therefore not be addressed and will be deemed moot.

**A. Second Motion for Summary Judgment**

As to Liddick's objections to the second motion for summary judgment, the court finds that the magistrate judge thoroughly addressed the law and appropriately applied the law to the facts of the instant case. To establish a retaliation claim, Liddick must show that (1) he was engaged in constitutionally protected conduct; (2) he suffered some adverse action that the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or

motivating factor in the decision to take that action. *Wisniewski v. Fisher*, 857 F.3d 152 (3d Cir. 2017).

The magistrate judge found that the facts of the allegations have not met the requisite causation requirement. She explained that CO Snyder did not cut short Liddick's sick call visit in retaliation for his filing of a prior lawsuit as that suit was filed in July 2012, *see Liddick v. Collins, et al.*, 1:12-cv-1390 (M.D. Pa.), and the sick call incident occurred in March 2014. The magistrate judge noted that there was an absence of an unusually suggestive temporal proximity and a pattern of antagonism from which the trier of fact could infer causation. (Doc. 113, p. 20.) This court agrees. As to Liddick's claims against CO Suzadail and CO Sierdzinski, Liddick alleges that they retaliated against him by filing Misconduct B408555 as a result of Liddick filing the *Collins* lawsuit. The magistrate judge again opined that Liddick failed to allege a causal link because the Misconduct was not filed until September 17, 2012, and a lapse of two to three months between the protected activity and the alleged retaliatory act was too great a delay to support a retaliation claim. (*Id*. at p. 21.) The magistrate judge also opined that there was an absence of a pattern of antagonism. This court agrees, and will adopt the report and recommendation as to these defendants.

Liddick claims that CO Montemurno's retaliatory action consisted of filing Misconduct B400721 for Liddick's filing of a motion to intervene in a lawsuit filed

4

by Patrick Horan, another inmate. *See Patrick Horan v. John Wetzel, et al.*, Civ. No. 13-cv-140. However, Misconduct B400721 was filed on April 5, 2014, and Liddick's motion to intervene was not filed until June 19, 2014 (Doc. 80, Civ. No. 13-cv-140). Because the motion to intervene was not filed until two months after Montemurno issued Misconduct B400721, a causal connection between the two events is lacking. The report and recommendation will be adopted as to this issue.

## B. Conclusion

For the reasons stated above, the report and recommendation of the magistrate judge will be adopted.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: July 31, 2018