IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WAYNE LIDDICK,** | : | **Civil No. 1:14-cv-1813** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **BRENDA TRITT, et al.,** | : | |
| | : | |
| **Defendants.** | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

Before the court is a motion for reconsideration filed by Plaintiff Wayne Liddick on August 22, 2018. (Doc. 119.) In the motion, Plaintiff seeks reconsideration of this court's July 31, 2018, memorandum and order which, *inter alia*, denied Plaintiff's request to file an untimely response to the magistrate judge's first R&R filed on August 31, 2017. (Doc. 81.) While Plaintiff avers that he did not receive the first R&R until nearly two months after it was docketed, he has not explained why he waited five months after he received it to seek leave to object. Further, he has not indicated what objections he seeks to raise or what effect those objections would have on the litigation. Because Plaintiff has not presented a manifest error of law, newly discovered evidence, or a change in controlling law, the motion will be denied.

## I.   <u>Standard of Review</u>

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Ziotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the movant establishes: (1) there has been an intervening change in controlling law; (2) new evidence has become available since the court decided the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Schumann v. Astrazeneca Pharm.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration may not be used to relitigate issues that have already been decided or present arguments that could have been raised earlier, but were not. *Blystone v. Horn*, 664 F.3d 397, 416 (3d Cir. 2011).

## II.   <u>Discussion</u>

Plaintiff's motion for reconsideration does not argue an intervening change in controlling law, any new facts, or a change in his circumstances from the court's prior decision regarding his request to file objections to the first R&R.

While Plaintiff alleges that he was "receiving interference" from Defendants that apparently prevented him from timely receiving the first R&R, he does not describe the nature of the interference. (Doc. 115, p.3.) Significantly, he alleges that, "after signing the legal mail log," he received the R&R on October 27, 2017.

(Doc. 119 ¶ 9.) Five months later, on March 28, 2018, he filed a motion seeking leave to object to the first R&R without any explanation for the five-month delay. As this court held previously, Plaintiff's failure to promptly respond to the R&R is inexcusable and warrants a denial of his belated request to file objections.

Because Plaintiff's motion for reconsideration amounts to nothing more than an attempt to relitigate issues that have already been decided by this court, the motion will be denied.

    s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: September 12, 2018