IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE LIDDICK, | : | |
| Plaintiff | : | No. 1:14-CV-1813 |
| | : | |
| v. | : | Judge Sylvia H. Rambo |
| | : | Chief Magistrate Judge Schwab |
| BRENDA TRITT, et al., | : | |
| Defendants | : | Electronically Filed Document |

BRIEF IN OPPOSITION TO "MOTION TO SECURE TIMELY SERVICE"

I.   INTRODUCTION

Plaintiff has filed a motion which literally requests relief that would constitute an illegal act. He is asking counsel for the Defendants to swear that documents he sends to the Plaintiff are attorney/client documents. To make matters worse, the two items of mail which he is complaining about constitute "no harm, no foul," because the items were either moot, or concerned a motion he could not have opposed. The motion should be dismissed.

II.   FACTS

As this Court is doubtless aware, due to increasing incidents of drug related contraband and drug related illness to Staff caused by inmate mail, the Department of Corrections (DOC) issued a new policy regarding "Inmate Mail and Incoming

1

Publications," (DC-ADM 803), a copy of which is attached and marked Exhibit A. The events leading to the policy are outlined on the DOC website, https://www.cor.pa.gov .

Plaintiff, a *pro se* life prisoner, filed a "motion to secure timely service," a motion not provided for in the Federal Rules. More importantly, the relief he seeks asks Defendants' counsel to falsify a Department of Corrections official document despite instructions in *two places* (*See* Exhibit B). Plaintiff was told this by Defendants' counsel in an in person meeting at SCI-Frackville.  He filed this motion regardless.  Finally, the mail items that he is complaining about are either moot or motions which could not be contravened.

### III.   **ARGUMENT**

This motion can be dismissed after reviewing two documents, Plaintiff's proposed Order (Doc 137-2) and Exhibit B to this Brief, the document which Plaintiff would have the undersigned falsify based upon instructions set forth in two places in the document.

This motion would have possibly made sense if the Plaintiff had not been told in a face to face conversation that Defendants' counsel was not his attorney, and so he did not have an attorney/client relationship with him. Added to this is the fact that the documents which drew his ire are either moot, or a motion which he

could not possibly have contravened in good faith. The motion is pointless, and should be dismissed out of hand.

The proposed Order would require Defendants' counsel to stamp documents as "Legal mail." This would require Defendants' counsel to execute Exhibit B to this Brief, the 'Control Number Request Form." By supplying the required signature, Defendants' counsel would, by means of the Verification, falsely state that the documents he was sending were "…only essential, confidential, attorney-client communications…" The same language is repeated below the Verification at the section which begins with an asterisk, discussing the responsibilities of the person signing the Verification. Documents which this Office would send to the Plaintiff would not be "confidential," since they would be either discovery documents or documents which would appear on the public docket in this case. They would not be "attorney-client communications" since I am the attorney for the Department of Corrections, the Plaintiff's *opponent.*

This motion is made all the more baseless by the documents which seem to be the most recent problem with this inmate, Documents 121, 125-126. As pointed out by the Plaintiff in his motion, Documents 125-126 were the Motion in *Limine* forbidding the Plaintiff from testifying or putting forth evidence of *dismissed claims* (Doc 137, p. 2, Π 7). This motion was filed by the undersigned in an abundance of caution to inform the Plaintiff that this trial should not rehash those

3

arguments which he unsuccessfully put forth in this case. He could not possibly have opposed that motion in good faith.

The other document (Doc 121) concerns an issue which Plaintiff refuses to grasp, the futility of his continual reconsideration motions. Reconsideration was denied, due to the fact that Plaintiff did not even attempt to meet the burden for reconsideration, he simply registered his disagreement with the ruling of the Court. All he has done is cluttered the docket with papers which do not move the case forward.

Based on the fact that the remedy the Plaintiff seeks is illegal, and the issues which Plaintiff invokes are moot, Defendants respectfully request that this motion be dismissed.

IV. **CONCLUSION**

Based on the foregoing, Defendants request that this motion be dismissed.

                **Respectfully submitted,**

                **JOSH SHAPIRO**
                Attorney General

      By: *s/ Daniel J. Gallagher*
                **DANIEL J. GALLAGHER**
**Office of Attorney General**      **Deputy Attorney General**
**Civil Litigation Section**           **Attorney ID #30451**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**             **KELI M. NEARY**

| | |
|---|---|
| **Phone: (717) 787-2944** | **Chief Deputy Attorney General** |
| **Fax:     (717) 772-4526** | **Chief, Civil Litigation Section** |
| **dgallagher@attorneygeneral.gov** | |
| | |
| **Date:  January 28, 2019** | *Counsel for Defendants* |


# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE LIDDICK, | : | |
| Plaintiff | : | No. 1:14-CV-1813 |
| | : | |
| v. | : | Judge Sylvia H. Rambo |
| | : | Chief Magistrate Judge Schwab |
| BRENDA TRITT, et al., | : | |
| Defendants | : | Electronically Filed Document |

## CERTIFICATE OF SERVICE

I, Daniel J. Gallagher, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on January 28, 2019, I caused to be served a true and correct copy of the foregoing document titled Brief in Opposition to the following:

**VIA US MAIL:**
**SMARTCOMMUNICATIONS/PA DOC**
**Wayne Liddick, AP-3139**
SCI-Frackville
P.O. BOX 33028
ST. PETERSBURG, FL  33733
*Pro se Plaintiff*

                      *s/ Daniel J. Gallagher*
                      **DANIEL J. GALLAGHER**
                      Deputy Attorney General